IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN E. VIGNE, *individually and as trustee of the Martin E. Vigne Family Trust*;<br><br>Plaintiff,<br><br>v.<br><br>RMS/PHH MORTGAGE SOLUTIONS INC., CASCADE MORTGAGE TRUST HB2, and LIBERTY MUTUAL GROUP,<br><br>Defendants. | 2:23-CV-02137-CCW |

**OPINION AND ORDER**

Pro se Plaintiff Martin E. Vigne's Complaint was docketed on February 23, 2024. ECF No. 4. On July 1, 2024, the Court dismissed a number of Defendants whom Mr. Vigne failed to serve and who had not appeared in the case. ECF No. 31. Three Defendants who were not served—Liberty Mutual Group, RMS/PHH Mortgage Solutions Inc., and Cascade Mortgage Trust HB2—had nevertheless already appeared in the case and filed Motions to Dismiss for failure to state a claim,[1] and therefore the Court ordered that those Defendants would remain in the case. *Id.* For the reasons that follow, the Court will dismiss the Complaint without prejudice because Mr. Vigne has not alleged the grounds for this Court's subject matter jurisdiction.

---

[1] Liberty Mutual Group's Motion to Dismiss is pending at ECF No. 12. RMS/PHH Mortgage Solutions Inc.'s and Cascade Mortgage Trust HB2's Motion to Dismiss is pending at ECF No. 18.

**I.      Mr. Vigne has Not Established a Basis for This Court's Jurisdiction**

"[S]ubject matter jurisdiction is a 'must have' in every case brought before an Article III Court." *Weber v. PNC Invs. LLC*, No. 2:19-CV-00704, 2020 WL 563330, at *4 (W.D. Pa. Feb. 5, 2020) (Hornak, C.J.) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)), *aff'd sub nom. Weber v. PNC Invs.*, 844 F. App'x 579 (3d Cir. 2021). Where subject matter jurisdiction is absent, a court has an obligation to dismiss a case and may do so *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77–78 (3d Cir. 2003). Because subject matter jurisdiction is a necessary predicate to maintaining a suit in federal court, a complaint filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). And "[a] district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8." *Tucker v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Hollingsworth v. Erie Molded Plastic, Inc.*, No. 12-cv-279-NBF, 2013 WL 4855316, at *2–3 (W.D. Pa. Sept. 11, 2013) (Fischer, J.) (dismissing, *sua sponte*, plaintiff's second amended complaint for failure to include a statement indicating the grounds for the court's jurisdiction).

Here, the only arguable bases for subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists "where a plaintiff makes a nonfrivolous allegation that he or she is entitled to relief under the U.S. Constitution or a federal statute." *Bizzarro v. First Nat'l Bank*, 804 F. App'x 190 (3d Cir. 2020) (citing *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1281 (3d Cir. 1993)). Diversity jurisdiction exists "in a case 'between . . . citizens of different States' where the amount in controversy 'exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Id.* (quoting *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014)).

2

The Court has reviewed Mr. Vigne's Complaint as well as the voluminous exhibits attached thereto. The basis for this Court's jurisdiction—as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure—is not alleged anywhere in the Complaint. *See* generally ECF No. 4. And while the Civil Cover Sheet Mr. Vigne submitted along with the Complaint had checkboxes where he could have indicated the grounds for this Court's jurisdiction, Mr. Vigne failed to fill in any of them. *See* ECF No. 4-1. Moreover, none of the additional filings Mr. Vigne submitted as attachments to the Complaint explains why this Court has jurisdiction. *See generally* ECF Nos. 4-2, 4-3, 4-4.

In the absence of a clearly stated basis for jurisdiction, the Court has endeavored to satisfy itself that jurisdiction exists by reviewing the allegations in the Complaint as well as other filings submitted by Mr. Vigne. *See Bizzaro v. First Nat'l Bank*, No. 18-173, 2019 WL 1043257, at *2 (W.D. Pa. Mar. 5, 2019) (Lanzillo, M.J.) (doing same). Nothing in the record reassures the Court that it has jurisdiction. The crux of Mr. Vigne's Complaint is that the foreclosure and sale of his home was improper and should be set aside, and that he is entitled to damages and insurance proceeds for his eviction. *See* ECF Nos. 4, 4-2. On their face, these claims appear to sound in state law. While the Complaint and Mr. Vigne's response to the Motions to Dismiss that are pending in this case do reference some federal statutes (*e.g.*, the Patriot Act,[2] the Civil Rights Act of 1964, and the Community Development Act of 1987), ECF Nos. 4, 4-2, and 27, these passing references, without more, are insufficient to establish federal question jurisdiction in the context of this case. *See Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) (noting that the Patriot Act does not confer a private right of action); *Johnson v. World Alliance Fin.*

---

[2] Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA Patriot Act) Act of 2001, Pub. L. No. 107–56, 115 Stat. 272 (2001).

*Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) (stating that regulations promulgated pursuant to the Community Development Act of 1987 do not confer a private right of action).[3]  And though the Court can infer from the Complaint and other filings that Mr. Vigne is a citizen of Pennsylvania, there is no information from which the Court can discern the citizenship of the Defendants that remain in this case.  Thus, the Court cannot conclude that diversity jurisdiction exists.

## II.   Conclusion

For the foregoing reasons, it is hereby ORDERED that Mr. Vigne's Complaint is DISMISSED without prejudice for failure to allege a basis for the Court's subject matter jurisdiction.  Mr. Vigne may file an Amended Complaint on or before **November 15, 2024** to address the above deficiencies.[4]

DATED this 25th day of October, 2024.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification)

All Counsel of Record

---

[3] Mr. Vigne's single invocation of the Civil Rights Act of 1964 without providing any additional context for why it may apply, ECF No. 4 at 2, appears to be "wholly insubstantial and frivolous" given that there are no allegations of discrimination in the Complaint or related filings. *See Growth Horizons*, 983 F.2d at 1280 (3d Cir. 1993) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

[4] The Court reminds Mr. Vigne that, as a pro se party, he may represent himself as an individual but may not bring this suit in his capacity "as trustee of the Martin E. Vigne Family Trust." *See* ECF No. 2 (Court's Order discussing same).

4

cc (via United States Mail):

Martin E. Vigne
*Pro se*
304 E. Wallace Ave
New Castle, PA 16101