IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN E. VIGNE, *individually and as trustee of the Martin E. Vigne Family Trust*;<br><br>Plaintiff,<br><br>v.<br><br>RMS/PHH MORTGAGE SOLUTIONS INC., CASCADE MORTGAGE TRUST HB2, and LIBERTY MUTUAL GROUP,<br><br>Defendants. | 2:23-CV-02137-CCW |

## **OPINION**

Before the Court are Defendants Liberty Mutual Group, RMS/PHH Mortgage Solutions Inc., and Cascade Mortgage Trust HB2's Motions to Dismiss *pro se* Plaintiff Martin E. Vigne's Amended Complaint. ECF Nos. 34, 37. For the reasons discussed below, the Court will grant the Motions and dismiss the Amended Complaint without prejudice.

**I.   Background**

*Pro se* Plaintiff Martin E. Vigne's original Complaint was docketed on February 23, 2024. ECF No. 4. On July 1, 2024, the Court dismissed a number of Defendants whom Mr. Vigne failed to serve and who had not appeared in the case. ECF No. 31. Three Defendants who were not served—Liberty Mutual Group, RMS/PHH Mortgage Solutions Inc., and Cascade Mortgage Trust HB2—had nevertheless already appeared in the case and filed Motions to Dismiss for failure to state a claim, and therefore the Court ordered that those Defendants would remain in the case. *Id.*

After reviewing the Defendants' Motions to Dismiss for failure to state a claim, the Court ultimately dismissed the Complaint for failure to allege a basis for this Court's subject matter

jurisdiction. ECF No. 32. The Court granted Mr. Vigne leave to amend to cure that defect, and on November 15, 2024, Mr. Vigne timely filed an Amended Complaint. *Id.*; ECF No. 33. The Amended Complaint improperly named as Defendants all of the same parties named in the original Complaint, including those the Court had previously dismissed for lack of service.[1] ECF No. 33. Accordingly, the Court again dismissed the Defendants who Mr. Vigne did not serve and who had not appeared in the case. ECF No. 40. The remaining three Defendants in this case subsequently moved to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 34, 37. The Motions are fully briefed and ripe for resuloution. ECF Nos. 35, 38, 41, 41-1–41-4.

## II.     Legal Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a facial attack 'contests the sufficiency of the pleadings' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party*, 757 F.3d at 358 (citations omitted).

Here, Defendants present a facial attack on subject matter jurisdiction because they argue, in pertinent part, that the Amended Complaint fails to allege a basis for the Court's subject matter jurisdiction. *See* ECF Nos. 35 at 9–10; 38 at 2–3. As such, in ruling on Defendants' Motions the

---

[1] The Amended Complaint also improperly asserted claims on behalf of the Martin E. Vigne Family Trust, despite the Court twice admonishing Mr. Vigne that he cannot represent the Trust as a *pro se* party. *See* ECF Nos. 2; 33 at 4 n.4.

Court will "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)" and "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). The Court may also consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## III.     Discussion

"[S]ubject matter jurisdiction is a 'must have' in every case brought before an Article III Court." *Weber v. PNC Invs. LLC*, No. 2:19-CV-00704, 2020 WL 563330, at *4 (W.D. Pa. Feb. 5, 2020) (Hornak, C.J.) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)), *aff'd sub nom. Weber v. PNC Invs.*, 844 F. App'x 579 (3d Cir. 2021). The plaintiff bears the burden of demonstrating subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 627 (2009). Where subject matter jurisdiction is absent, a court has an obligation to dismiss a case and may do so *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77–78 (3d Cir. 2003). Because subject matter jurisdiction is a necessary predicate to maintaining a suit in federal court, a complaint filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). And "[a] district court may sua sponte dismiss a complaint for failure to comply with Rule 8." *Tucker v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Hollingsworth v. Erie Molded Plastic, Inc.*, No. 12-cv-279-NBF, 2013 WL 4855316, at *2–3 (W.D. Pa. Sept. 11, 2013) (Fischer, J.) (dismissing, *sua sponte*, plaintiff's second amended complaint for failure to include a statement indicating the grounds for the court's jurisdiction).

Here, the only arguable bases for subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists "where a plaintiff makes a nonfrivolous allegation that he or she is entitled to relief under the U.S. Constitution or a federal statute." *Bizzarro v. First Nat'l Bank*, 804 F. App'x 190 (3d Cir. 2020) (citing *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1281 (3d Cir. 1993)). Diversity jurisdiction exists "in a case 'between . . . citizens of different States' where the amount in controversy 'exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Id.* (quoting *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014)).

The Court has reviewed Mr. Vigne's Amended Complaint, as well as his response to Defendants' Motions to Dismiss and the exhibits attached thereto. In sum, as Defendants rightly point out in their briefing, Mr. Vigne has again failed to carry his burden to allege a basis for subject matter jurisdiction. As with his original Complaint, the crux of Mr. Vigne's Amended Complaint appears to be that the foreclosure and sale of his home was improper and should be set aside, and that he is entitled to damages and insurance proceeds for his eviction.[2] *See generally* ECF No. 33. On their face, these claims appear to sound in state law. While the Amended Complaint has a "jurisdiction" section which alleges many things,[3] the basis for subject matter jurisdiction is not clearly alleged. The only allegations that appear relevant are that the "UCC, the law of contracts, the bill of rights, and the civil rights act of 1964 . . . are within the jurisdiction of county, state and Federal governments." ECF No. 33 at 7. The Court interprets these allegations as an attempt to establish federal question jurisdiction. But "the UCC is not a federal statute from

---

[2] This interpretation of the Amended Complaint is based on a generous reading, as the Amended Complaint is not a model of clarity.

[3] The "jurisdiction" section of the Amended Complaint alleges, for example that Mr. Vigne "is hard wired to finish every task he under-takes," and that he "finished every paint by number picture he did at 8 years old." ECF No. 33 at 7.

which federal question jurisdiction is derived." *Pinckney v. Somerset Prob.*, No. CV 24-06686 (GC) (JBD), 2024 WL 3276940, at *2 (D.N.J. June 30, 2024) (quotation omitted).  And Mr. Vigne's invocation of the "bill of rights" and the "civil rights act of 1964," without providing any additional context for how they apply, appears "wholly insubstantial and frivolous" given that there are no particular constitutional deprivations or instances of discrimination alleged in the Amended Complaint or accompanying filings.  *See Davis v. Wells Fargo*, 824 F.3d 333, 350 (3d Cir. 2016) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous. . . . [Dismissal in such circumstances is appropriate when] the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.").  Furthermore, neither the "jurisdiction" section nor the Amended Complaint more broadly allege that subject matter jurisdiction is based on diversity, and in any event, the Defendants' citizenship is not alleged such that the Court cannot determine whether there is diversity jurisdiction.[4]  *See generally* ECF No. 33.

In sum, despite the Court affording him another opportunity to do so, Mr. Vigne has not carried his burden to allege a basis for subject matter jurisdiction.  *See Lightfoot*, 564 F.3d at 627 (stating that the plaintiff bears the burden of establishing subject matter jurisdiction).  Accordingly, the Court will dismiss this case without prejudice.

---

[4] Additionally, as the Court noted in its previous Opinion and Order, the Civil Cover Sheet Mr. Vigne submitted along with his original Complaint had checkboxes where he could have indicated the grounds for this Court's jurisdiction, but Mr. Vigne failed to fill in any of them.  *See* ECF No. 4-1.

## II.   Conclusion

For the foregoing reasons, the Court will **DISMISS** Mr. Vigne's Amended Complaint **WITHOUT PREJUDICE** for failure to allege a basis for the Court's subject matter jurisdiction.

DATED this 7th day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification)

All Counsel of Record

cc (via United States Mail):

Martin E. Vigne
*Pro se*
304 E. Wallace Ave
New Castle, PA 16101